John P. Kristensen (SBN 224132)
Jesenia A. Martinez (SBN 316969)
Jacob J. Ventura (SBN 315491)
**KRISTENSEN LLP**
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone: 310-507-7924
Facsimile:  310-507-7906
*john@kristensenlaw.com*
*jesenia@kristensenlaw.com*
*jacob@kristensenlaw.com*

***Attorneys for Plaintiff***

## THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| ALLYN DULABAY, an individual ) | Case No.: |
| ) | |
| Plaintiff, ) | **COLLECTIVE ACTION** |
| vs. ) | |
| ) | **COMPLAINT FOR DAMAGES** |
| APEX HOMECARE SERVICES, ) | |
| INC., a California Corporation; ) | **(1) Failure to Pay Minimum Wages, 29 U.S.C. § 206;** |
| TESS PEREZ, an individual; ) | |
| ROSE DE LA CUESTA, an ) | **(2) Failure to Pay Overtime Wages, 29 U.S.C. § 207;** |
| individual; and DOES 1 through ) | |
| 10, inclusive ) | **(3) Failure to Pay Minimum Wage in Violation of Cal. *Lab. Code* §§ 1194 & 1197;** |
| ) | |
| Defendants. ) | **(4) Failure to Pay Overtime Wages in Violation of Cal. *Lab. Code* §§ 510, 1194, & 1197;** |
| ) | |
| ) | **(5) Failure to Pay Overtime Wages in Violation of Cal. *Lab. Code* § 1454;** |
| ) | |
| ) | **(6) Failure to Provide Meal and Rest Periods, Cal. *Lab. Code* §§ 226.7, 516 and 558; and** |
| ) | |
| ) | **(7) Unfair Competition in Violation of Cal. *Bus. & Prof. Code* §§** |

17200, *et seq.*.

**DEMAND FOR JURY TRIAL**

Plaintiff ALLYN DULABAY, individually and on behalf of all others similarly situated, alleges the following upon information and belief, based upon investigation of counsel, published reports, and personal knowledge:

**I.     NATURE OF THE ACTION**

1.     Plaintiff ALLYN DULABAY ("Plaintiff") alleges causes of action against defendants APEX HOMECARE SERVICES, INC., TESS PEREZ, ROSE DE LA CUESTA and DOES 1 through 10 (referred to collectively within parts of this Complaint as "Defendants") for damages due to Defendants evading the mandatory minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA") and for other applicable California law violations.

2.     These causes of action arise from Defendants' actions while Plaintiff was employed by Defendants for approximately one (1) year and two (2) months until her departure on or about January 3, 2020 at Apex Homecare Services as a non-exempt hourly employee earning $148 per shift. Plaintiff worked for the Defendants' at the Meridian at Anaheim Hills located at 525 S. Anaheim Hills Road, Anaheim, CA 92807. Plaintiff departed after suffering more than a year of violations for minimum wage and overtime wage payments pursuant to the FLSA and minimum payments under applicable California laws.

3.     Defendants failed to pay Plaintiff minimum wages and overtime wages for all hours worked in violation of 29 U.S.C. §§ 206 and 207 of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq*. ("FLSA").

4.     Defendants' conduct violates the Fair Labor Standards Act (FLSA), which requires non-exempt employees to be compensated for their overtime work

1  at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. §

2  207(a).

3       5.    Plaintiff brings a collective action to recover the unpaid overtime

4  compensation and minimum wage owed to her individually and on behalf of all

5  other similarly situated employees, current and former, of Defendants. Members

6  of the Collective Action are hereinafter referred to as "FLSA Class Members."

7       6.    As a result of Defendants' violations, Plaintiff and the FLSA Class

8  Members seek to recover double damages for failure to pay minimum wage,

9  overtime liquidated damages, interest, and attorneys' fees.

10  **II.   PARTIES**

11       7.    Plaintiff ALLYN DULABAY (hereinafter "Dulabay" or "Plaintiff")

12  is an adult individual resident of the State of California. Furthermore, Plaintiff

13  was employed by Defendants and qualifies as an "employee" as defined by the

14  FLSA, 29 U.S.C. § 203(e)(1). Her consent to this action is attached hereto as

15  Exhibit "1".

16       8.    Defendant APEX HOMECARE SERVICES, INC. (hereinafter

17  "Apex" or "Defendant") is a California corporation with its principal place of

18  business at 520 N. Main St. Suite 250, Santa Ana, CA 92701. Its registered agent

19  for service of process is Alma H. Onrubia, located at 240 S Jackson St., Suite

20  210A, Glendale, CA 91205. At all times mentioned herein, Apex was an

21  "employer" or "joint employer" of the FLSA, 29 U.S.C. § 203(d) and (g).

22       9.    TESS PEREZ (hereinafter "Perez" or Defendant") is an individual

23  and the owner of Apex. Perez was acting in the course and scope of her

24  employment in the actions taken towards Plaintiff. Perez's acts/omissions

25  constitute fraud, oppression and/or malice and were conducted on the part of an

26  officer, director and/or managing agent of Apex. Pursuant to a corporate wide

27  policy dictated and enforced by Defendants, including Perez, as well as other

28  Defendants herein, refuse to pay Plaintiff and all others similarly situated

minimum wage and earned overtime. Perez is frequently present at, and owns, directs, controls and manages the operations of Apex.

10.     Defendant Perez acted directly or indirectly on behalf of Apex, and, at all times mentioned herein was an "employer" or joint employer of Plaintiff within the meaning of the FLSA. She exerted operational and management control over Apex, including day to day management. She is frequently present at, owns, directs, controls and manages the operations at Apex. She also controlled the nature, pay structure, and employment relationship of Plaintiff and the FLSA Class Members. Perez had at all times relevant to this lawsuit, the authority to hire and fire employees at Apex, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures. Additionally, she was responsible for the day-to-day affairs of Apex. In particular, she was responsible for determining whether Apex complied with the Fair Labor Standards Act.

11.     ROSE DE LA CUESTA (hereinafter "De la Cuesta" or Defendant") is an individual and Plaintiff's supervisor at Meridian at Anaheim Hills. De la Cuesta was acting in the course and scope of her employment in the actions taken towards Plaintiff. De la Cuesta's acts/omissions constitute fraud, oppression and/or malice and were conducted on the part of an officer, director and/or managing agent of Apex. Pursuant to a corporate wide policy dictated and enforced by Defendants, including De la Cuesta, as well as other Defendants herein, refuse to pay Plaintiff and all others similarly situated minimum wage and earned overtime. De la Cuesta is frequently present at, directs, controls and manages the operations of Apex and Meridian at Anaheim Hills.

12.     Defendant De la Cuesta acted directly or indirectly on behalf of Apex, and, at all times mentioned herein was an "employer" or joint employer of Plaintiff within the meaning of the FLSA. She exerted operational and

management control over Apex, including day to day management. She is frequently present at, directs, controls and manages the operations at Apex. She also controlled the nature, pay structure, and employment relationship of Plaintiff and the FLSA Class Members. De la Cuesta had at all times relevant to this lawsuit, the authority to hire and fire employees at Apex, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures. Additionally, she was responsible for the day-to-day affairs of Apex. In particular, she was responsible for determining whether Apex complied with the Fair Labor Standards Act.

13.     The FLSA Class Members are all current and former non-exempt hourly employees who worked at Apex's Meridian at Anaheim Hills located at 525 S. Anaheim Hills Road, Anaheim, CA 92807 at any time starting three (3) years before this Complaint was filed, up to the present.

14.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(r)(1) of the FLSA because they have had employees engaged in commerce and at their facilities which have travelled in interstate commerce. Moreover, because of Defendants' interrelated activities, they function in interstate commerce. 29 U.S.C. § 203(s)(1).

15.     Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard.

16.     At all material times during the three years prior to the filing of this action, Defendants failed and refused to pay minimum and overtime wages or compensation to such employees. Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

17.     The true names, capacities or involvement, whether individual, corporate, governmental or associate, of the defendants named herein as DOE 1 through 10, inclusive are unknown to Plaintiff who therefore sue said defendants by such fictitious names.  Plaintiff prays for leave to amend this Complaint to show their true names and capacities when the same have been finally determined. Plaintiff is informed and believes, and upon such information and belief alleges thereon, that each of the defendants designated herein as DOE is negligently, intentionally, strictly liable or otherwise legally responsible in some manner for the events and happenings herein referred to, and negligently, strictly liable intentionally or otherwise caused injury and damages proximately thereby to Plaintiff, as is hereinafter alleged.

18.     Plaintiff is informed and believes that, at all relevant times herein, Defendants engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees and agents, and other defendants and are vicariously or strictly liable for the wrongful conduct of its employees and agents as alleged herein.

19.     Plaintiff is informed and believes, and on that basis alleges that each of the Defendants acted, in all respects pertinent to this action, as the agent or employee of each other, and carried out a joint scheme, business plan, or policy in all respect thereto and, therefore, the acts of each of these Defendants are legally attributable to the other Defendants, and that these Defendants, in all respects, acted as employer and/or joint employers of Plaintiff in that each of them exercised control over her wages, hours, duties and/or working conditions.

20.     Plaintiff is informed and believes, and on that basis alleges that at all relevant times, each and every defendant has been the agent, employee, representative, servant, master, employer, owner, agent, joint venture, and alter ego of each of the other and each was acting within the course and scope of his or her ownership, agency, service, joint venture and employment.

21.    Plaintiff is informed and believes, and on that basis alleges that, at all relevant times, in perpetrating the acts and omissions alleged herein, Defendants, and each of them, acted pursuant to, and in furtherance of, a policy and practice of not paying Plaintiff in accordance with applicable wage and hour laws as alleged herein.

22.    Plaintiff is informed and believes, and on that basis alleges that, at all relevant times, in perpetrating the acts and omissions alleged herein, Defendants, and each of them, acted pursuant to, and in furtherance of, a policy and practice of neither providing Plaintiff with required meal and rest periods, nor providing Plaintiff with compensation in lieu of said periods as required.

23.    Plaintiff is informed and believes, and on that basis alleges that, at all times mentioned herein, Defendants, and each of them, were, and are, doing business throughout California and in the County of Los Angeles, and are "persons" as defined in Cal. *Lab. Code* § 18. In addition, Defendants are considered "employer(s)" as that term is used in the California *Labor Code*, and the California Industrial Welfare Commission's Wage Order 15-2001 ("Wage Order"), or other applicable Order promulgated by the California Industrial Welfare Commission, regulating wages, hours, and working conditions. Furthermore, Defendants failed to pay Plaintiff her legally accrued overtime wages.

24.    At all times mentioned herein, each and every defendant was the successor of the other and each assumes the responsibility for the acts and omissions of all other defendants.

## III.    <u>VENUE AND JURSIDICTION</u>

25.    This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because this action arises under the FLSA, 29 U.S.C. § 201, *et seq*.

26.     Venue is proper in this District because all or a substantial portion of the events forming the basis of this action occurred in this District. The acts and omissions of Defendants occurred in Orange County, California. In addition, this venue is convenient to the parties and is an appropriate venue for a civil action for damages and injunctive relief.

## IV.   ALLEGATIONS COMMON TO ALL CAUSES OF ACTION
### (By Plaintiff Individually Against All Defendants)

27.     Defendants operate Apex, an agency that provides services to homecare facilities located at 520 N. Main St., Suite 250, Santa Ana, CA 92701.

28.     Plaintiff began work for Apex as an employee on or around October 15, 2018 and continued to work until her departure on January 3, 2020.  Plaintiff worked for Apex for approximately one (1) year and two (2) months.

29.     Section 2(G) of the Wage Order defines "hours worked" as "the time during which an employee is subject to the control of the employer, [which] includes all the time the employee is suffered or permitted to work, whether or not required to do so."  An employer must pay its employees for all "hours worked."

30.     Plaintiff worked as a caregiver and usually worked twelve (12) hour shifts for Apex at Meridian at Anaheim Hills.  Most shifts were over eight (8) hours. Some nights, Plaintiff would work a "double shift" which usually lasted twenty-four (24) hours. Therefore, California law entitled Plaintiff to overtime pay for most of her shifts with Apex.

31.     Plaintiff never received overtime pay.

32.     Plaintiff did not receive an increased rate for night shifts.

33.     Apex did not provide scheduled breaks for Plaintiff or other caregivers.

34.     When Plaintiff began working for Defendants, she received a compensation schedule which provided a starting rate of $148 per shift. Apex never provided raises.

35.     Despite Plaintiff working more than a year for Apex, her pay remained frozen at $148 per shift.

36.     Defendants exercised significant control over Plaintiff through written and unwritten policies and procedures.

37.     Defendants made all hiring decisions regarding staff and all other employees.

38.     Plaintiff was not paid for all of her hourly minimum wage salary despite being present and required to work for Defendants during an eight-plus (8+) hour work shift.

39.     Plaintiff was not paid overtime wages at one-and-a-half (1½) times the regular minimum wage rate for *any* hours worked despite being present at and required to work and for Defendants for longer than eight (8) hours per shift.

40.     The FLSA Class Members had the same pay structure and were under the same controls as Plaintiff.

41.     Although Plaintiff and FLSA Class Members are required to and do in fact frequently work more than forty (40) hours per workweek, they are not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

42.     Defendants' method of paying Plaintiff in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

43.     Plaintiff and FLSA Class Members who worked at Apex performed precisely the same job duties.

44.     Plaintiff and FLSA Class Members who worked at Apex during the applicable limitations period(s) were subject to the same work rules established by the Defendants as identified above.

45.     Plaintiff and FLSA Class Members at Apex were subject to the terms and conditions of employment and the same degree of control, direction,

1    supervision, promotion and investment imposed or performed by Defendants.

2        46.    Plaintiff and FLSA Class Members at Apex during the applicable

3    limitations period(s) were subject to the same across-the-board, uniformly

4    applied corporate policy mandated by Defendants.

5        47.    Plaintiff is "similarly situated" to the § 216(b) class of persons she

6    seeks to represent, and will adequately represent the interests of the class.

7        48.    Plaintiff has hired Counsel experienced in class actions and in

8    collective actions under 29 U.S.C. § 216(b) who will adequately represent the

9    class.

10   **A.    INDIVIDUAL LIABILITY UNDER THE FAIR LABOR STANDARDS ACT**

11       49.    In *Boucher v. Shaw*, the U.S. Court of Appeals for the Ninth Circuit

12   held that individuals can be liable for FLSA violations under an expansive

13   interpretation of "employer." *Boucher v. Shaw* (9th Cir. 2009) 572 F.3d 1087,

14   1088. The FLSA defines "employer" as "any person acting directly or indirectly

15   in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

16   The Ninth Circuit stated that the definition of "employer" under FLSA is not

17   limited by the common law concept of "employer" but "is to be given an

18   expansive interpretation in order to effectuate the FLSA's broad remedial

19   purposes."

20       50.    Where an individual exercises "control over the nature and structure

21   of the employment relationship," or "economic control" over the relationship,

22   that individual is an employer within the meaning of the FLSA, and is subject to

23   liability. *Lambert v. Ackerley* (9th Cir. 1999) 180 F.3d 997. The Ninth Circuit

24   highlighted factors related to "economic control," which included ownership

25   interest; operational control of significant aspects of the day-to-day functions; the

26   power to hire and fire employees; determine salaries; and the responsibility to

27   maintain employment records.

28       51.    Defendants Perez and De la Cuesta are individually liable for failing

to pay Plaintiff her wages. The actual identities of DOES 1 through 10 are unknown at this time.

## V.   COLLECTIVE ACTION ALLEGATIONS

52.   Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Demand, as though fully set forth herein.

53.   Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants at any time during the three (3) years prior to the commencement of this action to present.

54.   Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty hours per workweek and have been denied pay at the federally mandated minimum wage rate. That is, Plaintiff worked with other similarly situated employees at Apex. As such, she has first-hand personal knowledge of the same pay violations throughout Apex. Furthermore, other employees at Apex have shared with her similar pay violation experiences as those described in this Complaint.

55.   Other employees similarly situated to the Plaintiff work or have worked at Apex but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek.  Furthermore, these same employees were denied their full pay at the federally mandated minimum wage rate.

56.   Although Defendants permitted and/or required the FLSA Class Members to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty.  Defendants have also denied them their full compensation at the federally mandated minimum wage rate.

57.   FLSA Class Members perform or have performed the same or

similar work as the Plaintiff.

58.     FLSA Class Members regularly work or have worked in excess of forty hours during a workweek.

59.     FLSA Class Members regularly work or have worked and did not receive their full minimum wage for hours worked.

60.     FLSA Class Members are not exempt from receiving overtime and/or pay at the federally mandated minimum wage rate under the FLSA.

61.     As such, FLSA Class Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime and minimum wage.

62.     Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Class Members.

63.     The experiences of the Plaintiff, with respect to her pay, are typical of the experiences of the FLSA Class Members.

64.     The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

65.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

66.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to full compensation for hours worked at the federally mandated minimum wage rate.

67.     Although the exact number of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all FLSA Class

1  Members.

2      68.    As such, Plaintiff brings her FLSA claims as a collective action on

3  behalf of the following class:

4          **All of Defendants current and former Apex employees who**

5          **worked at Apex's Meridian at Anaheim Hills located at 525 S.**

6          **Anaheim Hills Road, Anaheim, CA 92807 at any time starting**

7          **three years before this Complaint was filed.**

8  **VI.**    <u>**CAUSES OF ACTION**</u>

9  <u>**FIRST CAUSE OF ACTION**</u>

10  **FAILURE TO PAY MINIMUM WAGE PURSUANT TO FLSA, 29 U.S.C. § 206**

11  **(BY PLAINTIFF AND ON BEHALF OF THE COLLECTIVE**

12  **AGAINST ALL DEFENDANTS)**

13      69.    Plaintiff hereby incorporates by reference and re-alleges each and

14  every allegation set forth in each and every preceding paragraph of this

15  Complaint, as though fully set forth herein.

16      70.    Defendants are engaged in "commerce" and/or in the production of

17  "goods" for "commerce" as those terms are defined in the FLSA.

18      71.    Defendants operate an enterprise engaged in commerce within the

19  meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged

20  in commerce, and because its annual gross volume of sales made is more than

21  $500,000.

22      72.    Defendants failed to pay Plaintiff the minimum wage in violation of

23  29 U.S.C. § 206.

24      73.    Based upon the conduct alleged herein, Defendants knowingly,

25  intentionally and willfully violated the FLSA by not paying Plaintiff the

26  minimum wage under the FLSA.

27      74.    Throughout the relevant period of this lawsuit, there is no evidence

28  that Defendants' conduct that gave rise to this action was in good faith and based

on reasonable grounds. In fact, Defendants continued to violate the FLSA long after it learned that its compensation policies were illegal.

75.     Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, minimum wage compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

**FAILURE TO PAY OVERTIME WAGES PURSUANT TO FLSA, 29 U.S.C. § 207**

**(BY PLAINTIFF AND ON BEHALF OF THE COLLECTIVE**

**AGAINST ALL DEFENDANTS)**

76.     Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Demand, as though fully set forth herein.

77.     Each Defendant is an "employer" or "joint employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

78.     Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

79.     Defendants operate an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000.00).

80.     Defendants failed to pay Plaintiff the applicable overtime wage for each hour in excess of forty (40) during each workweek in which she worked in violation of 29 U.S.C. § 207.

81.     Based upon the conduct alleged herein, Defendants knowingly, intentionally and willfully violated the FLSA by not paying Plaintiff the overtime wage required under the FLSA.

82.     Throughout the relevant period of this lawsuit, there is no evidence

that Defendants' conduct that gave rise to this action was in good faith and based on reasonable grounds. In fact, Defendants continued to violate the FLSA long after it learned that its compensation policies were unlawful.

83.     Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, overtime wage compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b).

## THIRD CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGE UNDER CALIFORNIA LABOR CODE §§ 1194 AND 1197

### (BY PLAINTIFF INDIVIDUALLY AGAINST ALL DEFENDANTS)

84.     Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

85.     Plaintiff alleges, on the basis of information and belief, that Defendants, from the time the applicable statute of limitations begins to the present time, have engaged in the regular practice of requiring or permitting Plaintiff to work without paying her the legal minimum wage at all times.

86.     Section 2(G) of the Wage Order defines "hours worked" as "the time during which an employee is subject to the control of the employer, [which] includes all the time the employee is suffered or permitted to work, whether or not required to do so."  An employer must pay its employees for all "hours worked."

87.     Plaintiff is not exempt from the minimum wage requirements under California law.

88.     Defendants failed to accurately pay Plaintiff the required legal minimum wage and compensation for all hours worked, in violation of Cal. *Lab. Code* §§ 204, 210, 216, 558, 1194, 1194.12, 1197 and applicable IWC Wage Order(s).

89.    As a result of the actions of Defendants in failing and refusing to pay the minimum wages required by law, Plaintiff was damaged by not receiving compensation which she should have received, but did not receive.  Plaintiff is therefore entitled to compensation in an amount to be proven at trial for unpaid overtime, pre-judgment interest, penalties, attorneys' fees and costs pursuant to Cal. *Lab. Code* §1194 and other applicable statutes.

90.    Defendants, and each of them, individually or by and through their respective officers, directors and managing agents, ordered, authorized, approved or ratified the conduct herein alleged with the intent to deprive Plaintiff compensation and benefits to which she is, and was, entitled under California law, so as to increase Defendants' profits at the expense of the health and welfare of their employees, contrary to public policy and clear statutory obligations.

91.    Cal. *Civ. Code* § 3294 provides for punitive damages as an additional remedy for any plaintiff who establishes that a defendant has been guilty of oppression or malice in an action for the breach of an obligation not arising from contract.  Plaintiff is informed and believes and thereon alleges that in doing, ordering, authorizing, approving and ratifying the acts, policies and practices alleged herein, the Defendants, and each of them, acted in conscious and intentional disregard for the economic rights of Plaintiff.  In so doing, the Defendants acted with malice, as such term is defined in Cal. *Civ. Code* § 3294, in that they engaged in despicable conduct carried out with a willful and conscious disregard for the rights of others, in blatant violation of state mandated law and public policy.  Defendants further acted with oppression, as such term is defined in Cal. *Civ. Code* § 3294, in that they engaged in despicable conduct that subjected their workers to cruel and unjust hardships in conscious disregard of such workers' rights.  The promulgation and enforcement of the malicious and oppressive workplace policies described herein entitle Plaintiff to recover punitive and exemplary damages against these Defendants in an amount deemed by the

trier of fact sufficient to punish, deter and make an example of them.

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. *LAB. CODE* § 510, 1194, & 1197

### (BY PLAINTIFF INDIVIDUALLY AGAINST ALL DEFENDANTS)

92.     Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

93.     At all relevant times, Plaintiff has been a non-exempt employee of Defendants and entitled to the full protections of the *Lab. Code* and of the Wage Order.

94.     California *Lab. Code* § 1198 makes it unlawful for an employer to employ any person under conditions of employment that violate the Wage Order.

95.     Section 2(G) of the Wage Order defines "hours worked" as "the time during which an employee is subject to the control of the employer, [which] includes all the time the employee is suffered or permitted to work, whether or not required to do so."  An employer must pay its employees for all "hours worked."

96.     California *Lab. Code* §§ 510 and 1194, and Section 3 of the Wage Order, require employers to pay overtime wages to their non-exempt employees at no less than one and one-half times their regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and for the first eight hours worked on a seventh consecutive workday.

97.     California *Lab. Code* §§ 510 and 1194, and Section 3 of the Wage Order, also require employers to pay overtime wages to their non-exempt employees at no less than two times their regular rates of pay for all hours worked in excess of twelve hours in one workday, and for all hours worked in excess of eight hours on a seventh consecutive workday.

98.     At relevant times during her employment, Defendants failed to pay Plaintiff overtime wages for overtime hours worked.

99.     Pursuant to California *Lab. Code* § 1194, Plaintiff seeks recovery of all unpaid overtime wages, interest thereon, costs of suit, and reasonable attorneys' fees, all in amounts subject to proof.

## FIFTH CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. *LAB. CODE* § 1454
### (BY PLAINTIFF INDIVIDUALLY AGAINST ALL DEFENDANTS)

100.    Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

101.    Plaintiff alleges, on the basis of information and belief, that Defendants, from the time the applicable statute of limitations begins to the present time, have engaged in the regular practice of requiring or permitting Plaintiff to work without paying her the legal minimum wage for overtime when she worked applicable hours under Cal. *Lab Code* § 1454 and other applicable statutes and Industrial Wage Orders.

102.    Section 2(G) of the Wage Order defines "hours worked" as "the time during which an employee is subject to the control of the employer, [which] includes all the time the employee is suffered or permitted to work, whether or not required to do so." An employer must pay its employees for all "hours worked."

103.    Defendants did not pay overtime wages for all of the applicable time that they controlled Plaintiff and owed her overtime.

104.    As a result of the Defendants in failure and/or refusal to pay the wages required by law, Plaintiff was damaged by not receiving compensation which she should have received, but did not receive. Plaintiff is therefore entitled to compensation in an amount to be proven at trial for unpaid overtime, pre-judgment interest, penalties, attorneys' fees and costs pursuant to Cal. *Lab. Code*

§1194 and other applicable statutes and Industrial Wage Orders.

105.   Defendants, and each of them, individually or by and through their respective officers, directors and managing agents, ordered, authorized, approved or ratified the conduct herein alleged with the intent to deprive Plaintiff compensation and benefits to which he is and was entitled under California law, so as to increase Defendants' profits at the expense of the health and welfare of their employees, contrary to public policy and clear statutory obligations.

106.   Cal. *Civ. Code* § 3294 provides for punitive damages as an additional remedy for any plaintiff who establishes that a defendant has been guilty of oppression or malice in an action for the breach of an obligation not arising from contract.  Plaintiff is informed and believes and thereon alleges that in doing, ordering, authorizing, approving and ratifying the acts, policies and practices alleged herein, the Defendants, and each of them, acted in conscious and intentional disregard for the economic rights of Plaintiff.  In so doing, the Defendants acted with malice, as such term is defined in Cal. *Civ. Code* § 3294, in that they engaged in despicable conduct carried out with a willful and conscious disregard for the rights of others, in blatant violation of state mandated law and public policy.  Defendants further acted with oppression, as such term is defined in Cal. *Civ. Code* § 3294, in that they engaged in despicable conduct that subjected their workers to cruel and unjust hardships in conscious disregard of such workers' rights.  The promulgation and enforcement of the malicious and oppressive workplace policies described herein entitle Plaintiff to recover punitive and exemplary damages against these Defendants in an amount deemed by the trier of fact sufficient to punish, deter and make an example of them.

///

///

///

///

## SIXTH CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL AND REST PERIODS IN VIOLATION OF CAL. *LAB. CODE* §§ 226.7, 516, & 558

### (BY PLAINTIFF INDIVIDUALLY AGAINST ALL DEFENDANTS)

107.   Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

108.   At all relevant times, Plaintiff has been a non-exempt employee of Defendants and entitled to the full protections of the Cal. *Lab. Code* and of the Wage Order.

109.   Cal. *Lab. Code* § 512, and Sections 11 of the Wage Order, require employers to provide a meal period of not less than 30 minutes to any person who works for a period of more than five (5) hours.  If an employer fails to provide these meal periods as required, then the employer must pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

110.   In violation of these requirements, as set forth above, Defendants failed to provide Plaintiff with the required meal periods, or pay him one (1) hour of pay for each day Plaintiff was not provided said meal periods.

111.   Cal. *Lab. Code* § 226.7 and section 12 of the Wage Order further requires employers to provide a ten (10) minute rest period for each employee per every four (4) hours, or major fraction thereof, worked.  If an employer fails to provide these meal periods as required, then the employer must pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period required is not provided.

112.   In violation of these requirements, as set forth above, Defendants failed to provide Plaintiff with the required rest periods, or pay her one (1) hour of pay for each day Plaintiff was not provided said rest periods.

113.    Pursuant to Cal. *Lab. Code* §§ 226.7 & 512, Plaintiff seeks recovery of one (1) hour of pay at Plaintiff's regular rate of compensation for each workday that Plaintiff was not provided his meal period, and one (1) hour of pay at Plaintiff's regular rate of compensation for each workday that Plaintiff was not provided his rest period, interest thereon, costs of suit, and reasonable attorneys' fees, all in amounts subject to proof.

## SEVENTH CAUSE OF ACTION

### UNFAIR COMPETITION IN VIOLATION OF CAL. *BUS. & PROF. CODE* §§ 17200, *ET SEQ.*

### (BY PLAINTIFF INDIVIDUALLY AGAINST ALL DEFENDANTS)

114.    Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

115.    Cal. *Bus. & Prof. Code* § 17200 defines "unfair competition" to include any unlawful business practice.

116.    Cal. *Bus. & Prof. Code* §17204 allows a person who has lost money or property as a result of unfair competition to bring an action for restitution of money or property acquired from him or her by means of unfair competition.

117.    At all relevant times during her employment, Plaintiff was a non-exempt employee of Defendants and was thus entitled to the full benefits and working protections of the Cal. *Lab. Code* and the applicable Wage Order.

118.    Cal. *Lab. Code* §§ 510 and 1194, and Section 3 of the Wage Order, require employers to pay overtime wages to their non-exempt employees at no less than one and one-half times their regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and for the first eight hours worked on a seventh consecutive workday.

119.    In violation of these requirements, as set forth above, Defendants

failed to pay Plaintiff overtime wages for hours that he worked.

120.   Cal. *Lab. Code* § 512, and Sections 11 of the Wage Order, require employers to provide a meal period of not less than 30 minutes to any person who works for a period of more than five (5) hours.  If an employer fails to provide these meal periods as required, then the employer must pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

121.   In violation of these requirements, as set forth above, Defendants failed to provide Plaintiff with the required meal periods, or pay him one (1) hour of pay for each day Plaintiff was not provided said meal periods.

122.   Cal. *Lab. Code* § 226.7 and Section 12 of the Wage Order further requires employers to provide a ten (10) minute rest period for each employee per every four (4) hours, or major fraction thereof, worked.  If an employer fails to provide these meal periods as required, then the employer must pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period required is not provided.

123.   In violation of these requirements, as set forth above, Defendants failed to provide Plaintiff with the required rest periods, or pay him one (1) hour of pay for each day Plaintiff was not provided said rest periods.

124.   As a result of Defendants' above-alleged unlawful business practices, Plaintiff has lost moneys and property by means of unfair competition.

125.   Pursuant to Cal. *Bus. & Prof. Code* § 17204, Plaintiff seeks an order of restitution for all moneys and property that Defendants have acquired from him by means of unfair competition as set forth above in amounts subject to proof.

///
///
///
///

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests of this Court the following relief:

1. For general damages in an amount to be proven at trial;

2. For compensatory damages according to proof at trial of at least $100,000;

3. For special damages according to proof at trial;

4. For exemplary and punitive damages according to proof at trial;

5. For restitution of unpaid monies;

6. For attorneys' fees;

7. For costs of suit incurred herein;

8. For statutory penalties;

9. For civil penalties;

10. For pre-judgment interest;

11. For post-judgement interest;

12. For declaratory relief;

13. For injunctive relief; and

14. For such other and further relief as the Court may deem just and proper.

Dated:    July 28, 2020        **KRISTENSEN LLP**

*/s/ John P. Kristensen*

John P. Kristensen
Jesenia A. Martinez
Jacob Ventura
***Attorneys for Plaintiff***

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues which may be tried by a jury.

Dated:        July 28, 2020                          **KRISTENSEN LLP**

                                                     */s/ John P. Kristensen*
                                                     John P. Kristensen
                                                     Jesenia A. Martinez
                                                     Jacob J. Ventura
                                                     ***Attorneys for Plaintiff***